UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

CASEY STEVENS,

       Plaintiff,

v.                                      Civil Action No. 2:12-740

NORFOLK SOUTHERN RAILWAY COMPANY,

       Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

       Pending is a motion by defendant Norfolk Southern Railway Company ("Norfolk") to dismiss the original complaint and for a more definite statement, filed April 16, 2012. Plaintiff Casey Stevens thereupon filed as of right his amended complaint on April 27, 2012. The amended complaint thus supersedes the original complaint. It is, accordingly, ORDERED that the motion to dismiss the original complaint and for a more definite statement be, and it hereby is, denied as moot.

       Norfolk has since filed on May 10, 2012, its motion to dismiss the amended complaint, which motion is directed toward the amended complaint filed as of right by Stevens on April 27, 2012. Stevens then filed on June 1, 2012, his motion to amend the April 27, 2012, amended complaint. In addition, Stevens has filed his corrected motion for leave to amend his amended complaint, filed June 15, 2012.

I.


        The amended complaint briefly discusses the factual

bases for the claims alleged.  In sum, Stevens was employed by

Norfolk.  He was injured by a third-party motorist while a

passenger in a vehicle owned and driven by fellow Norfolk

employee Roger Cisco, who has instituted an identical action

dealt with by a separate memorandum opinion and order entered

this same day.  Both Stevens and Cisco were apparently on duty

for Norfolk at the time of the accident.  The material

allegations in Stevens' amended complaint state as follows:

> 8. On or about May 2, 2011, and for some time prior
> thereto, Plaintiff was employed by defendant,
> Norfolk[,] as a machine operator and on that date in
> the performance of his duties was caused to sustain
> the serious, permanent and painful personal injuries,
> more particularly hereinafter described when, while on
> duty and riding in a privately owned motor vehicle
> (POV)with other railroad employees conducting
> Defendants business, Plaintiff was involved in a motor
> vehicle collision at or near Route 119 in the area of
> the Victory Lane gas station, Mingo County, West
> Virginia, causing serious injury due to the negligence
> and carelessness of the defendant.
>
> 9. Among other things, Defendant failed to provide
> Plaintiff with a safe workplace in that the railroad
> required Plaintiff to use a POV to go from worksite to
> worksite to acquire unneeded and unnecessary equipment
> on the orders of superiors, failed to properly train
> plaintiff and his co-workers on safe driving/riding
> practices and failed to warn plaintiff and his
> coworkers of unsafe working conditions, and the
> drivers failure to monitor the road for changing
> and safely operate the vehicle some or all of which
> lead to the collision at issue.

(Am. Compl. ¶¶ 8-9).  The amended complaint additionally includes the following allegation:

> The action arises under . . . "The Federal Employers' Liability Act", and under "The Federal Safety Appliance Act" ["FSA"] . . . and under "The Federal Boiler Inspection Act" ["FBIA"] . . . .

(Am. Compl. ¶ 5).  The amended complaint fails to allege that Norfolk is a common carrier by railroad engaged in interstate commerce.

Norfolk identifies a variety of deficiencies in the amended complaint, moving to dismiss it on the grounds that (1) Stevens has not pled Norfolk's common carrier railroad status, that it was engaged in interstate commerce, and that he was engaged in furthering such commerce when the injuries occurred, (2) the allegations of negligence are vague and conclusory and are "a 'reach' in an effort to find another pocketbook for recovery," (3) a third party was responsible for Stevens' injuries while he was driven in Cisco's privately owned vehicle, and (4) the claims under the FSA and FBIA fail inasmuch as the circumstances surrounding the injury did not involve, as required by law, either a safety appliance on a railroad car or locomotive or a locomotive, tender, part or appurtenance.

Stevens responded to the motion to dismiss the amended complaint but additionally moved to file a second amended complaint, followed by the corrected motion to amend his pleading.[1]  The proposed second amended complaint omits the FSA and FBIA claims and alleges the formerly missing common carrier and interstate commerce information.  This would leave for adjudication only the FELA negligence claim.

Norfolk responded in opposition to the motion to file the second amended complaint.  It principally asserts that the proposed amendment is futile inasmuch as the proposed second amended complaint still fails to properly allege a FELA claim.

II.

A.   Governing Standard

A pleading amendment may be denied when it represents a futile effort to revive a doomed claim.  See Sciolino v.

---

[1] The corrected motion for leave to amend was necessitated by Stevens' counsels' mistaken and duplicative filing of materials seeking the amendment that had previously been filed in the companion Cisco action.  The court, accordingly, ORDERS that the erroneous motion to amend the amended complaint be, and it hereby is, denied as moot.  The court will address the amendment request based upon the corrected motion for leave to amend the amended complaint.

4

<u>Newport News</u>, 480 F.3d 642, 651 (4th Cir. 2007)(noting "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, <u>or the amendment would have been futile</u>.") (emphasis added).  A proposed amendment is futile "if . . . [it]  fails to satisfy the requirements of the federal rules," such as Rule 12(b)(6).  <u>United States ex rel. Wilson v. Kellogg Brown & Root, Inc.</u>, 525 F.3d 370, 376 (4th Cir.2008) (quoting <u>United States ex rel. Fowler v. Caremark RX, LLC</u>, 496 F.3d 730, 740 (7th Cir. 2007)).  The court thus analyzes the proposed second amended complaint according to the standards found in Rules 8 and 12 of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief."  Fed. R. Civ. P. 8(a)(2); <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007).  Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47

5

(1957), overruled on other grounds, Twombly, 127 S. Ct. at
1969)); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188
(4th Cir. 2007).  Additionally, the showing of an "entitlement
to relief" amounts to "more than labels and conclusions . . . ."
Twombly, 127 S. Ct. at 1965.  It is now settled that "a
formulaic recitation of the elements of a cause of action will
not do." Id.; Giarratano v. Johnson, 521 F.3d 298, 304 (4th Cir.
2008).

        The complaint need not, however, "make a case" against
a defendant or even "forecast evidence sufficient to prove an
element" of the claim.  Chao v. Rivendell Woods, Inc., 415 F.3d
342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289
F.3d 270, 281 (4th Cir. 2002)).  Instead, the opening pleading
need only contain "[f]actual allegations . . . [sufficient] to
raise a right to relief above the speculative level." Twombly,
127 S. Ct. at 1965; Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949
(2009)(noting the opening pleading "does not require 'detailed
factual allegations,' but it demands more than an unadorned,
the-defendant-unlawfully-harmed-me accusation.").  Stated
another way, the complaint must allege "enough facts to state a
claim to relief that is plausible on its face." Id. at 1974;
Giarratano, 521 F.3d at 302. The recent decision in Iqbal
provides some guidance concerning the plausibility requirement:

> A claim has facial plausibility when the plaintiff
> pleads factual content that allows the court to draw
> the reasonable inference that the defendant is liable
> for the misconduct alleged. The plausibility standard
> is not akin to a "probability requirement," but it
> asks for more than a sheer possibility that a
> defendant has acted unlawfully.  Where a complaint
> pleads facts that are "merely consistent with" a
> defendant's liability, it "stops short of the line
> between possibility and plausibility of 'entitlement
> to relief.' "
>
> Rule 8 marks a notable and generous departure from the
> hyper-technical, code-pleading regime of a prior era,
> but it does not unlock the doors of discovery for a
> plaintiff armed with nothing more than conclusions. .
> . . Determining whether a complaint states a plausible
> claim for relief will, as the Court of Appeals
> observed, be a context-specific task that requires the
> reviewing court to draw on its judicial experience and
> common sense.  But where the well-pleaded facts do not
> permit the court to infer more than the mere
> possibility of misconduct, the complaint has alleged-
> but it has not "show[n]"-"that the pleader is entitled
> to relief."

_Iqbal_,  129 S. Ct. at 1949-50 (citations omitted).


As noted in _Iqbal_, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a district court to "'accept as true all of the factual allegations contained in the complaint . . . .'" _Erickson_, 127 S. Ct. at 2200 (quoting _Twombly_, 127 S. Ct. at 1965); see also _South Carolina Dept. of Health and Environmental Control v. Commerce and Industry Ins. Co._, 372 F.3d 245, 255 (4th Cir. 2004) (quoting _Franks v. Ross_, 313 F.3d 184, 192 (4th Cir. 2002)). The court is additionally required to "draw[] all reasonable . .

. inferences from those facts in the plaintiff's favor . . . ."

<u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 244 (4th Cir. 1999).

In order to apply these standards, one must ascertain the requisite elements of proof for the FELA claim.  The statutory source of the claim is 45 U.S.C. § 51.  Section 51 provides pertinently as follows:

> Every common carrier by railroad while engaging in commerce between any of the several States or Territories . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier . . . .

45 U.S.C. § 51.  The elements of proof for a FELA claim are taken from the same jury instruction manual recently mentioned by the Supreme Court:

> First, that the defendant is a railroad engaged in interstate commerce;
>
> Second, that the plaintiff was an employee of the defendant in interstate commerce, acting in the course of his employment;
>
> Third, that the defendant or one of its employees or agents was negligent;
>
> and
>
> Fourth, that such negligence played a part, no matter how slight, in bringing about an injury to the plaintiff.

5 Hon. Leonard B. Sand <u>et</u> <u>al.</u>, Modern Federal Jury Instructions § 89.02[1] (2012) (cited in <u>CSX Transp., Inc. v. McBride</u>, 131 S.

8

Ct. 2630, 2643 (2011) (referencing the since-modified ¶ 89.02[1] as the then- "current model federal instruction").

Our court of appeals has noted "the 'judicially developed doctrine of liability granted to railroad workers by the FELA,' including its light burden of proof on negligence and causation." Estate of Larkins by Larkins v. Farrell Lines, Inc., 806 F.2d 510, 512 (4th Cir. 1986) (quoting in part Kernan v. American Dredging Co., 355 U.S. 426, 439 (1958)).  It has further observed that, in order "to further the remedial goals of the FELA, . . . the Supreme Court has relaxed the standard of causation by imposing employer liability whenever 'employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.'" Hernandez v. Trawler Miss Vertie Mae, Inc., 187 F.3d 432, 436 (4th Cir. 1999)(quoting, inter alia, Consolidated Rail Corp. v. Gottshall, 512 U.S. 532, 43 (1994)).

The Supreme Court reiterated this approach just last term in the aforementioned McBride case.  McBride, 131 S. Ct. at 2643 (2011) ("'Under [FELA] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.'")

9

(quoting <u>Rogers v. Missouri Pacific R. Co.</u>, 352 U.S. 500, 506 (1957)).

The <u>McBride</u> decision also observed as follows in discussing the general contours of FELA liability:

> "If a person has no reasonable ground to anticipate that a particular condition . . . would or might result in a mishap and injury, then the party is not required to do anything to correct [the] condition." If negligence is proved, however, and is shown to have "played any part, even the slightest, in producing the injury," then the carrier is answerable in damages even if "the extent of the [injury] or the manner in which it occurred" was not "[p]robable" or "foreseeable."

<u>McBride</u>, 131 S. Ct. at 2643 (footnote omitted).  At the same time, as noted by our court of appeals in <u>Hernandez</u>, the Supreme Court in <u>Gottshall</u> "cautioned that the FELA . . . is not to be interpreted as a workers' compensation statute . . . ." <u>Hernandez</u>, 187 F.3d at 436-37.


B.   Analysis


In summary, Stevens' proposed second amended complaint alleges that Norfolk is a common carrier by rail engaged in interstate commerce.  He further states that he was acting in furtherance of that commerce at the time of his injuries.  He also now alleges those injuries were caused by Norfolk's negligence.  Despite occurrence of the accident while Stevens

10

was a passenger in a privately owned vehicle, he alleges that
Norfolk required the driver of that vehicle, its employee Cisco,
to use the automobile for work purposes without training him and
his co-workers "on safe driving/riding practices and fail[ing]
to warn plaintiff and his coworkers of unsafe working
conditions, . . . some or all of which lead to the collision at
issue." (Sec. Am. Compl. ¶ 10).[2]

These allegations minimally suffice for purposes of
avoiding a futility challenge.  The court, accordingly, ORDERS
that Stevens' corrected motion for leave to amend his amended
complaint, be, and it hereby is, granted.  It is further ORDERED
that the second amended complaint, as corrected in the manner
specified in footnote 2 herein, be, and it hereby is, filed
effective the date of its receipt, which shall be no later than
July 20, 2012.

In view of the filing of the second amended complaint,
it is additionally ORDERED that Norfolk's motion to dismiss the
amended complaint be, and it hereby is, denied without prejudice
as being moot.  The court does not foreclose Norfolk from

---

[2] The text omitted by ellipsis in this sentence is grammatically
incorrect.  Counsel is directed to correct the sentence and
electronically file a new proposed second amended complaint that
is in all other respects the same as the one now on file.

subsequently seeking relief pursuant to Rule 12 as it relates to
the second amended complaint.

        The Clerk is directed to transmit copies of this order
to all counsel of record and any unrepresented parties.

                        ENTER:  July 11, 2012


                        John T. Copenhaver, Jr.
                        United States District Judge